United States District Court
Southern District of Texas
**ENTERED**
December 21, 2018
David J. Bradley, Clerk

Bridgette Jacobs, §
§
Plaintiff, §
§
versus §  Civil Action H-17-2854
§
Walgreen Company, §
§
Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

Bridgette Jacobs is a black woman. She has worked for Walgreen Company as a licensed full-time floater pharmacist since November 2002. Jacobs sues Walgreen for age and sex discrimination, and retaliation. She claims that her supervisor, Minal Thakkar, is the only person at Walgreen who discriminated or retaliated against her. Walgreen will prevail.

2. *Background.*

In 2007, Minal Thakkar – an Indian woman – became Jacobs's immediate supervisor. On October 1, 2012, Jacobs e-mailed Thakkar about a two-day per week position at a specific store. Jacobs did not get the job. On April 9, 2013, Jacobs e-mailed Thakkar about a Tuesday and Wednesday position at a different store – store 4328. Thakker granted this assignment.

On March 26, 2014, Jacobs took approved medical leave for surgery. She returned on June 20th. During those three months, Thakker offered Jacobs the opportunity to work from home verifying prescriptions. Jacobs rejected this accommodation. On July 1st, Jacobs learned that she would not be returning to store 4328, rather she would be returning to her role as a floating pharmacist.

On July 22nd, pharmacy manager Merlin Sterling placed Jacobs on a performance improvement plan. Sterling is also black. On August 13th, Jacobs was reprimanded and placed on probation. On August 27th, Jacobs filed an internal complaint of discrimination and retaliation by submitting a complaint form through Walgreen's online complaint system. Jacobs remained at Walgreen following the internal complaint.

On November 29th, Jacobs filed a charge of employment discrimination with the Equal Employment Opportunity Commission. She claimed discrimination and retaliation because of her race and age. The commission dismissed her charge and notified her of the opportunity to sue.

In February 2016, Jacobs was again placed on a performance improvement plan. Jacobs met with Sterling one month later to discuss the continuing performance plan. Walgreen filed a position statement with the commission and Jacobs submitted a rebuttal in June 2016.

3. *Race.*

Jacobs first says that Walgreen discriminated against her because she is black. She says that she was (a) not assigned to the stores where she wanted to work; (b) not promoted to a full-time position; and (c) had the number of guaranteed shifts in each pay period reduced, reducing her pay.

To establish discrimination, Jacobs must show[1] that: (a) she is a member of a protected class; (b) she was qualified for her position; (c) she was subject to an adverse employment action; and (d) others outside of the protected class, who were similarly situated, were treated more favorably.[2] For the similarly situated requirement, employees

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973) (the plaintiff has the burden of proving the elements).

[2] *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

with different supervisors or who work for different divisions of a company are not sufficiently parallel.[3]

Jacobs has not shown a similarly situated worker outside of her protected class who was treated more favorable than her. The workers she identifies either did not work at the same store or did not have the same supervisor. No evidence shows that Walgreen discriminated against her based on her race.

4. *Age.*

Jacobs also claims that she was discriminated against because of her age – she is fifty-six years old. She claims that Walgreen replaced her with someone younger and treated eleven workers better than her. Similar to the race discrimination requirements, Jacobs must show that she: (a) is a member of a protected class; (b) was subject to an adverse employment action; (c) was qualified for the position; and (d) was treated less favorably than similarly situated younger employees.[4]

Jacobs insists that Walgreen treated eleven workers better than her, but she has not shown how they were treated differently.[5] In other words, she has not shown one worker – under the age of forty – who was placed in the store of Jacobs's choosing and received a full-time position or was not affected by the shift restructuring. Even though all of those employees she identifies as similarly situated worked in her department, they did not have her manager.

5. *Retaliation.*

Jacobs has no retaliation claim despite insisting that the performance improvement plan and pay cut were retaliatory. To prove her retaliation claim, Jacobs must show: (1) she engaged in a statutorily protected activity; (2) she was subject to an

---

[3] *See Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

[4] *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005).

[5] 29 U.S.C. § 623(a)(1).

adverse employment action; and (3) protected activity caused in part the adverse employment action.[6] The court of appeals has concluded that being placed on a performance improvement plan, without more, is not an adverse employment action.[7]

Here, the plan was neither an adverse employment nor retaliatory action. Jacobs learned about being placed on a plan in July 2014. She *then* complained and submitted a charge to the commission. Jacobs knew she was being placed on the plan before she submitted her internal complaint and charge. It could not have been retaliatory; nor could it have been discriminatory. She has not identified a single comparator. She was told that her work was not satisfactory and she was given steps to correct it. She did not. Walgreen's actions were not motivated by any reason other than her sub-standard work.

Jacobs also says that Walgreen cut her pay. It did not. Walgreen decided to change how many shifts floating pharmacists in Houston were guaranteed per pay period – 10 shifts per pay period were reduced to 8 shifts per pay period. This was not an action exclusive to Jacobs. She was not harmed by this change. Her actual pay increased in 2017.

She also says that the timing between filing the charge and (a) being placed on the performance improvement plan and (b) reducing her pay is a sufficient causal link to show that Walgreen retaliated against her. The temporal proximity of a company's decision to place her on a second performance improvement plan after filing her charge does not establish a causal connection. Three months passed between submitting her charge in November 2014 and Walgreen notifying her that they were going to extend the plan based on pre-complaint performance in 2015. This is not sufficient. Jacobs has not shown a causal connection.

In *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995), the court concluded that placement on a performance improvement plan, coupled with complaints to human resources and the termination of employment, was sufficient for the plaintiff

---

[6] See *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

[7] See *Hernandez v. Muns*, 101 F.3d 698, at *7 (5th Cir. 1996).

to establish a *prima facie* retaliation case. Here, importantly, Jacobs is still employed by Walgreen. Jacobs cannot identify any adverse employment action or retaliation by Walgreen that would suggest any illegal act.

6. *Conclusion.*

Walgreen did not discriminate nor retaliate against Jacobs because of her race or age. The facts show that Jacobs was having difficulty meeting the standards for her job, who surely disagreed. Bridgette Jacobs will take nothing from Walgreen Company.

Signed on December 21, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge